**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **GREGORIO TREVIÑO, JR., et al** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Case No. 15-CV-435** |
| | § | |
| **HIDALGO COUNTY, TEXAS, et al** | § | |
| *Defendants.* | § | |

---

### DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants HIDALGO COUNTY, TEXAS, A. C. CUELLAR, RAUL LOZANO, DAVID RODRIGUEZ, OSCAR GARCIA, OSCAR GONZALEZ AND ESTEBAN MATA file this their Answer to Plaintiffs' Second Amended Complaint, and would show unto the Court as follows:

1.     Defendants admit the allegations in paragraph 1 of Plaintiffs' Second Amended Complaint.

2.     Defendants admit the allegation in paragraph 2 of Plaintiffs' Second Amended Complaint.

3.     Defendants admit the allegation in paragraph 3 of Plaintiffs' Second Amended Complaint.

4.     Defendants admit the allegation in paragraph 4 of Plaintiffs' Second Amended Complaint.

5.     Defendants admit the allegation in paragraph 5 of Plaintiffs' Second Amended Complaint.

6.      Defendants admit that Raul Lozano resides in Hidalgo County, Texas as alleged in Paragraph 6 of Plaintiffs' Second Amended Complaint.  Defendants deny all other allegations of Paragraph 6.

7.      Defendants admit that David Rodriguez resides in Hidalgo County, Texas as alleged in Paragraph 7 of Plaintiffs' Second Amended Complaint.  Defendants deny all other allegations of Paragraph 7.

8.      Defendants admit that Oscar Garcia resides in Hidalgo County, Texas as alleged in Paragraph 8 of Plaintiffs' Second Amended Complaint.  Defendants deny all other allegations of Paragraph 8.

9.      Defendants admit that Oscar Gonzalez resides in Hidalgo County, Texas as alleged in Paragraph 9 of Plaintiffs' Second Amended Complaint.  Defendants deny all other allegations of Paragraph 9.

10.     Defendants admit that Esteban Mata resides in Hidalgo County, Texas as alleged in Paragraph 10 of Plaintiffs' Second Amended Complaint.  Defendants deny all other allegations of Paragraph 10.

**Guadalupe "Lupe Garcia"**

11.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in the first and second sentences of paragraph 11 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.  Defendants deny the factual allegations in the last sentence of paragraph 11.

12.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 12 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

13.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 13 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

14.    Defendants are without sufficient information at this time to be able to admit or deny the first sentence of paragraph 14 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.  Defendants deny the remaining factual allegations in paragraph 14.

15.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 15 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

16.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 16 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

17.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 17 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

18.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 18 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

19.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in the first sentence of paragraph 19 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.  Defendants deny the remaining factual allegations in paragraph 19 of Plaintiffs' Second Amended Complaint.

20.     In response to paragraph 20 of Plaintiffs' Second Amended Complaint, Defendants admit that Guadalupe "Lupe" Garcia was hired by Hidalgo County Precinct 1 on March 11, 2013 with a title of Construction Inspector.

21.     In response to paragraph 21 of Plaintiffs' Second Amended Complaint, Defendants deny that Oscar Garcia was ever the Direction of Field Operations, but admit that Oscar Garcia was an employee of Hidalgo County Precinct 1.

22.     Defendants deny the factual allegations in paragraph 22 of Plaintiffs' Second Amended Complaint.

23.     Defendants deny the factual allegations in paragraph 23 of Plaintiffs' Second Amended Complaint.

24.     Defendants deny the factual allegations in paragraph 24 of Plaintiffs' Second Amended Complaint.

25.     Defendants deny the factual allegations in paragraph 25 of Plaintiffs' Second Amended Complaint.

26.     Defendants deny the factual allegations in paragraph 26 of Plaintiffs' Second Amended Complaint.

27.     Defendants deny the factual allegations in paragraph 27 of Plaintiffs' Second Amended Complaint, but admit that David Rodriguez is the current Director of Field Operations.

28.     Defendants deny the factual allegations in paragraph 28 of Plaintiffs' Second Amended Complaint.

29.     Defendants deny the factual allegations in paragraph 29 of Plaintiffs' Second Amended Complaint.

30.     Defendants deny the factual allegations in paragraph 30 of Plaintiffs' Second Amended Complaint.

31.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 31 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

32.     Defendants deny the factual allegations in paragraph 32 of Plaintiffs' Second Amended Complaint.

33.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 33 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

34.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in the first sentence of paragraph 34 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.   Defendants deny the factual allegations in the second sentence in paragraph 34.

35.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 35 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

36.     Defendants deny the factual allegations in paragraph 36 of Plaintiffs' Second Amended Complaint.

37.     Paragraph 37 does not require an admission or denial.

38.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 38 of Plaintiffs' Second Amended Complaint, by

reason of which same are denied, but Defendants deny the factual allegations in the fifth and seventh sentences of paragraph 38.

39.     Defendants deny the factual allegations in paragraph 39 of Plaintiffs' Second Amended Complaint.

40.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in the first sentence of paragraph 40 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.   Defendants deny the factual allegations in the second sentence in paragraph 40.

41.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 41 of Plaintiffs' Second Amended Complaint, by reason of which same are denied, but Defendants would deny that Commissioner Cuellar instructed Garcia to campaign as alleged.

42.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 42 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.  Defendants admit all Hidalgo County employees are subject to assignment and reassignment, as needed.

43.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 43 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

44.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 44 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

45.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 45 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

46.     Defendants deny the factual allegations in paragraph 46 of Plaintiffs' Second Amended Complaint.

47.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 47 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.  Defendants have no knowledge regarding the specific daily assignments or reassignments of Precinct 1 employees, including Lupe Garcia.

48.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 48 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

49.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 49 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

50.     Defendants deny the factual allegations in paragraph 50 of Plaintiffs' Second Amended Complaint.

51.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 51 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

52.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 52 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

53.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 53 of Plaintiffs' Second Amended Complaint, by reason of which same are denied, but Defendants deny the allegations in the last sentence of paragraph 53.

54.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 54 of Plaintiffs' Second Amended Complaint, by reason of which same are denied. Defendants have no knowledge regarding the specific daily assignments or reassignments of Precinct 1 employees, including Lupe Garcia.

55.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 55 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

56.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 56 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

57.     In response to paragraph 57 of Plaintiffs' Second Amended Complaint. Defendants admit that Lupe Garcia resigned on October 16, 2014.

**Gregorio "Greg" Trevino, Jr.**

58.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 58 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

59.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 59 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.  Defendants admit Gregorio Trevino was hired on September 26, 2011 as Maintenance II.

60.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 60 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

61.    Defendants admit the allegations in paragraph 61 of Plaintiffs' Second Amended Complaint.

62.    Defendants admit the allegations first, second and fourth sentences of Paragraph 62 of Plaintiffs' Second Amended Complaint.   Defendants are without sufficient information at this time to be able to admit or deny the allegations in the third sentence of paragraph 62, by reason of which same are denied.

63.    Defendants deny the allegations made in Paragraph 63 of Plaintiffs' Second Amended Complaint.

64.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 64 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

65.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 65 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

66.     Defendants deny the allegations made in Paragraph 66 of Plaintiffs' Second Amended Complaint.

67.     Defendants deny the allegations made in Paragraph 67 of Plaintiffs' Second Amended Complaint.

68.     Defendants deny the allegations made in Paragraph 68 of Plaintiffs' Second Amended Complaint.

69.     Defendants admit the allegations made in Paragraph 69 of Plaintiffs' Second Amended Complaint.

70.     Defendants deny the allegations made in Paragraph 70 of Plaintiffs' Second Amended Complaint.

71.     Defendants deny the allegations made in Paragraph 71 of Plaintiffs' Second Amended Complaint.

72.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 72 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

73.     Defendants deny the allegations made in Paragraph 73 of Plaintiffs' Second Amended Complaint.

74.     Defendants deny the allegations made in Paragraph 74 of Plaintiffs' Second Amended Complaint.

**George "Doc" Enriquez**

75.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 75 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.  Defendants admit George Enriquez was hired on February 23, 2009 as Truck Driver III.

76.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 76 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

77.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 77 of Plaintiffs' Second Amended Complaint, including individual daily assignments and reassignments, by reason of which same are denied.

78.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 78 of Plaintiffs' Second Amended Complaint, including individual daily assignments and reassignments, by reason of which same are denied.

79.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 79 of Plaintiffs' Second Amended Complaint, including individual daily tasks, by reason of which same are denied.

80.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 80 of Plaintiffs' Second Amended Complaint, including individual tasks, by reason of which same are denied.

81.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 81 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

82.     Defendants deny the allegations made in Paragraph 82 of Plaintiffs' Second Amended Complaint.

83.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 83 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

84.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 84 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

85.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 85 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

86.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 86 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

87.     In response to paragraph 87 of Plaintiffs' Second Amended Complaint, Defendants admit that George Enriquez was terminated on August 26, 2014 for violations of the Hidalgo County Civil Service Employee Standards of Conduct. Defendants deny the remaining factual allegations in paragraph 87.

**Santiago Zavala**

88.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 88, including assignments and various reassignments, by reason of which same are denied. Defendants admit that Santiago Zavala was hired on October 14, 1999 as a Foreman.

89.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 89 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

90.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 90 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

91.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 91 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

92.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 92 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

93.     Defendants deny the factual allegations in paragraph 93 of Plaintiffs' Second Amended Complaint.

94.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in the first sentence of paragraph 94 of Plaintiffs' Second Amended Complaint, by reason of which same are denied. Defendants deny the remaining factual allegations in paragraph 94 of Plaintiffs' Second Amended Complaint.

95.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in the first sentence of paragraph 95 of Plaintiffs' Second Amended Complaint, by reason of which same are denied. Defendants deny the remaining factual allegations in paragraph 95 of Plaintiffs' Second Amended Complaint.

96.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 96 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

97.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 97 of Plaintiffs' Second Amended Complaint, including Zavala's various assignments and reassignments, by reason of which same are denied.

98.     Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 98 of Plaintiffs' Second Amended Complaint, including Zavala's various assignments and reassignments, by reason of which same are denied.

99.     In response to paragraph 99 of Plaintiffs' Second Amended Complaint, Defendants admit Zavala reported an on-the-job injury on April 11, 2014 and was placed on workers' compensation.  Defendants are without sufficient information at this time to be able to admit or deny the remaining allegations in paragraph 99.

100.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 100 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

101.   In response to paragraph 101 of Plaintiffs' Second Amended Complaint, Defendants admit that Zavala was administratively terminated effective September 4, 2014.  Defendants deny the remaining factual allegations in paragraph 101.

**Juan Carlos "J.C." Cardenas**

102.   Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 102 of Plaintiffs' Second Amended Complaint, including internal assignments, by reason of which same are denied.  Defendants admit that Juan Carlos Cardenas was hired on October 2, 2006; the County's records indicate that his salary was $38,000.

103.   In response to paragraph 103 of Plaintiffs' Second Amended Complaint, Defendants admit that Cardenas' position as Call Center Manager was eliminated with a County reorganization initiated and approved by the Hidalgo County Commissioners' Court on March 23, 2010.

104.   In response to paragraph 104 of Plaintiffs' Second Amended Complaint, Defendants admit that Cardenas was rehired as Community Liason on February 28, 2011.

105.   Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 105 of Plaintiffs' Second Amended Complaint, including internal assignments and reassignments, by reason of which same are denied.

106.   Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 106 of Plaintiffs' Second Amended Complaint,

including internal assignments and reassignments, by reason of which same are denied.

107.   Defendants are without sufficient information at this time to be able to admit or deny the allegations in the first three sentences of paragraph 107 of Plaintiffs' Second Amended Complaint, including internal assignments, reassignments and tasks, by reason of which same are denied.  Defendants deny the remaining factual allegations in paragraph 107.

108.   Defendants deny the factual allegations in paragraph 108 of Plaintiffs' Second Amended Complaint.

109.   Defendants deny the factual allegations in paragraph 109 of Plaintiffs' Second Amended Complaint.

110.   Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 110 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

**Lucas O'Brien Ruiz**

111.   Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 111 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

112.   Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 112, including internal assignments, by reason of which same are denied.  Defendants admit that Lucas O'Brien Ruiz was hired on April 23, 2012 as Maintenance I.

113.    Defendants deny the factual allegations in paragraph 113 of Plaintiffs' Second Amended Complaint.

114.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 114 of Plaintiffs' Second Amended Complaint, including various assignments, by reason of which same are denied.

115.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 115 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

116.    Defendants deny the factual allegations in paragraph 116 of Plaintiffs' Second Amended Complaint.

117.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 117 of Plaintiffs' Second Amended Complaint, including internal assignments, by reason of which same are denied.  Defendants deny the remaining factual allegations in paragraph 117.

118.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 118 of Plaintiffs' Second Amended Complaint, including various assignments and tasks, by reason of which same are denied. Defendants deny the remaining allegations in paragraph 118.

119.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 119 of Plaintiffs' Second Amended Complaint, including individual assignments and reassignments, by reason of which same are denied.  Defendants deny the remaining factual allegations in paragraph 119, including the last sentence.

120.   Defendants deny the factual allegations in paragraph 120 of Plaintiffs' Second Amended Complaint.

121.   Defendants deny the factual allegations in paragraph 121 of Plaintiffs' Second Amended Complaint.

122.   In response to paragraph 122 of Plaintiffs' Second Amended Complaint, Defendants admit Ruiz was terminated on August 13, 2014 for violations of the Hidalgo County Civil Service Employee Standards of Conduct.

123.   Defendants deny the factual allegations in paragraph 123 of Plaintiffs' Second Amended Complaint.

**Rene Martinez Herrera**

124.   Defendants admit the allegations in paragraph 124 of Plaintiffs' Second Amended Complaint.

125.   As to paragraph 125 of Plaintiffs' Second Amended Complaint, Defendants deny that Martinez worked under the supervision of Esteban Mata.  Defendants admit that Martinez worked at Delta Lake Park and Hargill.  Defendants are without information to admit or deny whether Martinez was irritated.

126.   Defendants admit the allegations in paragraph 126 of Plaintiffs' Second Amended Complaint.

127.   Defendants admit the allegations in paragraph 127 of Plaintiffs' Second Amended Complaint.

128.   Defendants deny the factual allegations in paragraph 128 of Plaintiffs' Second Amended Complaint.

129.   Defendants deny the factual allegations in paragraph 129 of Plaintiffs' Second Amended Complaint.

130.   Defendants deny the factual allegations in paragraph 130 of Plaintiffs' Second Amended Complaint.

131.   Defendants deny the factual allegations in paragraph 131 of Plaintiffs' Second Amended Complaint.

132.   Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 132 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

133.   Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 133 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

134.   Defendants deny the factual allegations in paragraph 134 of Plaintiffs' Second Amended Complaint.

135.   Defendants deny the factual allegations in paragraph 135 of Plaintiffs' Second Amended Complaint.

136.   Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 136 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

137.   Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 137 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

138.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 138 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

139.    Defendants are without sufficient information at this time to be able to admit or deny the allegations in paragraph 139 of Plaintiffs' Second Amended Complaint, by reason of which same are denied.

140.    Defendants deny the factual allegations in paragraph 140 of Plaintiffs' Second Amended Complaint.

141.    Defendants deny the factual allegations in paragraph 141 of Plaintiffs' Second Amended Complaint.

**Count 1**
**42 U.S.C. §1983: First Amendment freedom of speech and association**

142.    Defendants do not dispute that Plaintiff is re-alleging his previous allegations and Defendants incorporate their prior responses.

143.    Defendants deny the allegations made in Paragraph 143 of Plaintiffs' Second Amended Complaint.

144.    Defendants deny the allegations made in Paragraph 144 of Plaintiffs' Second Amended Complaint.

145.    Defendants deny the allegations made in Paragraph 145 of Plaintiffs' Second Amended Complaint.

146.    Defendants deny the allegations made in Paragraph 146 of Plaintiffs' Second Amended Complaint.

147.    Defendants deny the allegations made in Paragraph 147 of Plaintiffs' Second Amended Complaint.

148.    Defendants deny the allegations made in Paragraph 148 of Plaintiffs' Second Amended Complaint.

149.    Defendants deny the allegations made in Paragraph 149 of Plaintiffs' Second Amended Complaint.

**Count 2**
**42 U.S.C. §1985(3)**

150.    Defendants do not dispute that Plaintiff is re-alleging his previous allegations and Defendants incorporate their prior responses.

151.    Defendants deny the allegations made in Paragraph 151 of Plaintiffs' Second Amended Complaint.

**Injunctive and Declaratory Relief**

152.    Paragraph 152 does not require an admission or denial, but Defendants deny that Plaintiffs are entitled to the relief they seek.

153.    Paragraph 153 does not require an admission or denial, but Defendants deny that Plaintiffs are entitled to the relief they seek.

154.    Defendants deny the allegations made in Paragraph 154 of Plaintiffs' Second Amended Complaint.

155.    Defendants deny the allegations made in Paragraph 155 of Plaintiffs' Second Amended Complaint.

156.    Paragraph 156 of Plaintiffs' Second Amended Complaint contains legal propositions which are not required to be either admitted or denied, but Defendants deny that Plaintiffs are entitled to the relief they seek.

157.    Paragraph 157 of Plaintiffs' Second Amended Complaint contains legal propositions which are not required to be either admitted or denied, but Defendants deny that Plaintiffs are entitled to the relief they seek.

### Jury Trial

158.    Defendants do not dispute that Plaintiff is requesting a jury.

### Prayer

The prayer contains no factual allegations and, therefore, need not be either admitted or denied, but Defendants would state that Plaintiffs are not entitled to the relief they seek.

### AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant would further affirmatively plead as follows:

1.    Defendants would show that Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted.

2.    Pleading in the alternative, Defendants would show that Hidalgo County is entitled to all defenses and immunities available to a political subdivision.

3.    Defendants would show that any employment decisions regarding Plaintiffs involved a permissible exercise of legal right and were made for valid, non-discriminatory and non-retaliatory reasons.

4.    Defendants would show that any conduct complained of by Plaintiffs insofar as such conduct may have occurred at all, was job-related and consistent with business necessity and made in good faith, with proper motive and without malice.

5.      Defendants deny that Plaintiffs have suffered any damages.   Alternatively, Defendants assert that any damages claimed by Plaintiffs must: (a) be below any applicable statutory damage caps; (b) be adjusted to reflect any failure on the part of Plaintiffs to mitigate their damages; (c) terminate upon Plaintiffs' finding of alternative employment at an equal or higher rate of pay than Plaintiffs were earning; and (d) be adjusted to reflect interim earnings and unemployment compensation.

6.      Defendants would show that in the event Plaintiffs are entitled to recover damages for loss of wages, which Defendants deny, such damages should be reduced because Plaintiffs have failed to mitigate their damages.   Defendants are entitled to an offset for all amounts which Plaintiffs earned or reasonably should have earned or otherwise received, including wages, severance benefits and unemployment wages paid by or on behalf of Defendants, following their employment with Hidalgo County.

7.      Defendants would further show that Plaintiff J.C. Cardenas' claims are barred by the "Farragher-Ellerth" defense because Defendants exercised reasonable care to prevent and correct promptly any harassing behavior and the Plaintiffs unreasonably failed to take advantage of any protective or corrective opportunities provided by Defendants or to otherwise avoid harm.

8.      Defendant would show that insofar as Plaintiffs are entitled to any damages, which Defendant denies, such damages are limited by the Texas Labor Code, Tex. Civ. Prac. & Rem. Code and the Texas Government and Local Government Codes.

9.      Defendant would show Plaintiffs are not entitled to an award of punitive damages against a governmental entity.   In the event that the court or jury determines that Plaintiffs are entitled to an award of punitive damages, any such award under Texas law

must be in accordance with Tex. Labor Code 21.2585, Tex. Civ. Prac. & Rem. Code and the Texas Government and Local Government Codes.

10.   Defendant would show that Plaintiffs have not presented any evidence that any allegedly protected conduct was a factor in the employment decisions of their termination or that the proffered reasons were pretext for discrimination.

11.   Defendant would show that Plaintiffs' claims may be barred by the any applicable statutes of limitations.

12.   Defendant asserts the affirmative defenses and protections of governmental, sovereign and/or official immunity from any and all claims and causes of action asserted by the Plaintiffs to the fullest extent allowed by the law and available to a political subdivision.

13.   Defendant pleads that Plaintiffs' claims may be barred for failure to exhaust all applicable administrative remedies and prerequisites to suit.

14.   Defendant pleads further that Plaintiffs' claims may be barred by the after-acquired evidence doctrine.

15.   Defendant reserves the right to assert any further applicable defenses.

## AFFIRMATIVE RELIEF

16.   Defendants may seek reasonable attorney's fees, expert fees and costs as the prevailing party.

Respectfully submitted,

By:    */s/ Rex N. Leach*                
        Rex N. Leach
        State Bar No. 12086300
        Federal I. D. No. 8244
        P. O. Box 3725 (78502)
        818 West Pecan Blvd.
        McAllen, Texas 78501
        (956) 682-5501
        (956) 686-6109 – Facsimile
*Attorney in Charge for Defendants*

OF COUNSEL:
Valorie C. Glass
State Bar No. 14163500
Federal I. D. No. 15303
ATLAS, HALL & RODRIGUEZ, LLC
P. O. Box 3725 (78502)
818 West Pecan Blvd.
McAllen, Texas 78501
(956) 682-5501
(956) 686-6109 – Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of March, 2017, a true and correct copy of the foregoing document was sent via electronic mail by the Clerk of the Court to the following counsel of record:

Mr. Jerad Wayne Najvar
NAJVAR LAW FIRM
4151 Southwest Freeway, Suite 625
Houston, Texas 77027

        */s/ Rex N. Leach*               
        Rex N. Leach