UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| GREGORIO TREVINO, JR., et al.<br>*Plaintiffs*,<br><br>v.<br><br>HIDALGO COUNTY, TEXAS, et al.,<br>*Defendants*. | Civil Case No. 15-CV-435 |

# [PROPOSED] AMENDED JOINT PRE-TRIAL ORDER

Pursuant to Local Rule 16.2, Appendix B of the United States District Court for the Southern District of Texas, the following Joint Pre-Trial Order is submitted by Plaintiffs (J.C. Cardenas, Rene Martinez Herrera, and Santiago Zavala) and Defendants (Hidalgo County, A.C. Cuellar, Raul Lozano, Oscar Gonzalez, David Rodriguez, and Esteban Mata) for approval by the Court.

This proposed Joint Pretrial Order is amended, as requested by the Court, to state that the parties have conferred and agree there are no contested legal issues, and to incorporate into this document the sections that were amended on May 30, 2019, but filed separately (the Contested Propositions of Fact (Section 7) and Contested Issues of Law (Section 9)).

## 1.     APPEARANCE OF COUNSEL

| | |
|---|---|
| NAJVAR LAW FIRM, PLLC<br>Jerad Wayne Najvar<br>Texas Bar No. 24068079<br>Southern Dist. No. 1155651<br>2180 North Loop West, Suite 255<br>Houston, TX 77018<br>281.404.4696 phone<br>281.582.4138 fax<br>jerad@najvarlaw.com<br>*Attorney in Charge for Plaintiffs* | ATLAS HALL & RODRIGUEZ<br>Rex Leach<br>Texas Bar No. 12086300<br>Federal I.D. No. 8244<br>818 Pecan Ave.<br>McAllen, TX 78501<br>956.682.5501 phone<br>956.686.6109 fax<br>rleach@atlashall.com<br>*Attorney in Charge for Defendants* |

Austin M. B. Whatley
Texas Bar No.
NAJVAR LAW FIRM, PLLC
2180 North Loop West, Suite 255
Houston, TX 77018
281.410.2003 phone
281.582.4138 fax
*Of counsel for Plaintiffs*

## 2. STATEMENT OF THE CASE

This is a 42 U.S.C. § 1983 dispute. Plaintiffs claim that the Defendants violated Plaintiffs' First Amendment rights. Specifically, Plaintiffs J.C. Cardenas, Rene Martinez Herrera, and Santiago Zavala allege that Defendant Hidalgo County and Defendant A.C. Cuellar, who at all relevant times was the Commissioner for Hidalgo County Precinct One, retaliated against their exercise of First Amendment speech and associational rights by terminating or constructively demoting them at Precinct One. In addition to the claims against Hidalgo County and Defendant Cuellar, the Plaintiffs seek to hold other employees under Cuellar liable for their part in causing the alleged retaliation, as follows: Plaintiff Cardenas has claims against Defendants Raul Lozano and David Rodriguez; Plaintiff Martinez Herrera has claims against David Rodriguez and Esteban Mata; and Plaintiff Zavala has claims against Raul Lozano, Oscar Gonzalez, David Rodriguez, and Esteban Mata. Plaintiffs seek compensatory and punitive damages, declaratory relief, pre- and post-judgment interest, nominal damages, appropriate injunctive relief, and reasonable and necessary attorneys' fees, costs, and expenses.

Defendants contend that there was no retaliation against the Plaintiffs that occurred. J. C. Cardenas and Rene Martinez were never terminated and suffered no adverse employment actions. They were reassigned in compliance with their conditions of employment and job descriptions. Santiago Zavala was terminated due to his inability to perform his duties after multiple extensions of leave.

## 3. JURISDICTION

The parties do not dispute that jurisdiction is proper. Plaintiff's Complaint states a federal claim under the U. S. Constitution actionable under 42 U.S.C. § 1983, of which this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. Second Amended Compl. ¶ 1.

4. **MOTIONS**

Currently pending are the following motions:

A) Joint Motion to Dismiss and Sever Claims of Settling Plaintiffs Gregorio Trevino, Jr., Jose Guadalupe Garcia, and Pedro Garcia, Jr. (to be filed)

5. **CONTENTIONS OF THE PARTIES**

**<u>Plaintiffs' Claims</u>**

Plaintiff J.C. Cardenas claims that his reassignment to the road patch crew, under the Road and Bridge Department, on March 30, 2014, constitutes a constructive demotion in violation of the First Amendment because it was retaliation for Cardenas's exercise of political speech and association rights. Cardenas had supported Defendant Cuellar's opponent in prior campaigns and had refused to support other local candidates preferred by Defendant Cuellar. Cardenas has claims against Hidalgo County, A.C. Cuellar, Raul Lozano, and David Rodriguez.

Plaintiff Santiago Zavala claims that his termination on September 4, 2014, violated the First Amendment because it was retaliation for Zavala's exercise of political speech and association rights. Zavala had supported Defendant Cuellar's opponent in prior campaigns and had refused to support other local candidates preferred by Defendant Cuellar. Zavala has claims against Hidalgo County, A.C. Cuellar, Raul Lozano, David Rodriguez, Oscar Gonzalez, and Esteban Mata.

Plaintiff Rene Martinez Herrera claims that his reassignment from Delta Lake Park maintenance duty to the road patch crew, under the Road and Bridge Department, immediately following the March 2016 primary election, constitutes a constructive demotion in violation of the First Amendment because it was retaliation for Martinez's exercise of political speech and association rights. Martinez had not demonstrated sufficient support for Cuellar, and had demonstrated support for Cuellar's opponent David Fuentes, in the 2016 primary election. Martinez has claims against Hidalgo County, A.C. Cuellar, David Rodriguez, and Esteban Mata.

All three Plaintiffs seek nominal, compensatory, and punitive damages for this First Amendment claim, declaratory relief, pre- and post-judgment interest, and reasonable and necessary attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

**Defendants' Contentions**

Rene Martinez: Rene Martinez did not experience any conduct that the Fifth Circuit considers to be an adverse employment action. Specifically, he was not discharged, demoted, looked over for promotion or reprimanded. In fact, Martinez remains employed with Precinct 1 in the same employment position that he had prior to time period about which he makes complaint. He lost no salary or benefits and the conduct about which he complains was the reassignment of certain duties, all of which are included in this job description. Any such conduct, even if true, (which is denied), falls short as a matter of law.

J. C. Cardenas: J. S. Cardenas did not experience any conduct that the Fifth Circuit considers to be an adverse employment action. Specifically, he was not discharged, demoted, looked over for promotion or reprimanded. In fact, Cardenas remains employed with Precinct 1 in the same employment position that he had prior to time period about which he makes complaint. He lost no salary or benefits and the conduct about which he complains was the reassignment of certain duties, all of which are included in this job description. Any such conduct, even if true, (which is denied), falls short as a matter of law.

Santiago Zavala: Santiago Zavala was employed by Precinct 1 in various positions over several years. Mr. Zavala requested and received placement on FMLA leave on several occasions during his employment. In early 2013, Mr. Zavala requested FMLA to take care of his father's medical condition and in August 2013, he again requested FMLA due to his own condition. Then, in April of 2014, Mr. Zavala claimed a work related injury. At this point, Mr. Zavala was no longer eligible for FMLA having exhausted his eligibility in 2013. Since he was no longer eligible for FMLA, Mr. Zavala requested leave without pay from Commissioner A. C. Cuellar on May 16, 2014. Despite not being required to grant such leave, Commissioner Cuellar did so. Later, in May 2014, Mr. Zavala requested an extension of that leave. That request as also granted. On June 5, 2014, Mr. Zavala once again requested an extension of the leave and once again the extension was granted. On June 16, 2014, Mr. Zavala again requested another extension of the leave and his request was granted. On June 30, 2014, Mr. Zavala, per his request, was granted an additional 30 day extension. After that, Mr. Zavala again requested another extension and it was granted as well. Finally, in September 2014, Mr. Zavala still being unable to return to work and perform his duties was administratively terminated.

It is clear that political retaliation played absolutely no part in the decision to terminate Mr. Zavala. Due to his inability to perform his job as set out above, it is clear that Mr. Zavala would have been terminated regardless of whether he had participate in any protested activity.

## 6. ADMISSIONS OF FACT

A) Plaintiffs were employed at all relevant times by Hidalgo County Precinct One.

B) A.C. Cuellar was the Commissioner for Precinct One at the time of the challenged actions.

## 7. CONTESTED ISSUES OF FACT

a) Whether or not Plaintiffs Cardenas and Martinez suffered any adverse employment actions. *See, e.g.*, *Order Granting in Part and Denying in Part Defendant David Rodriguez's Motion for Summary Judgment* (Doc. No. 64) at 16 (finding genuine dispute of fact as to whether non-terminated Plaintiffs suffered actionable demotion or adverse employment action).

b) Whether or not Plaintiffs suffered any adverse employment actions as a result of the exercise of their First Amended rights. *See Bosque v. Starr County, Tex.*, 630 Fed. App'x 300, 306 (5th Cir. 2015) (not designated for publication) (discussing causation as a fact issue for the jury).

c) Whether or not Plaintiffs Cardenas and Martinez suffered any compensable damages.

d) Whether or not Plaintiff Zavala's termination was justified due to his inability to perform his job duties. *See, e.g.*, *Order Granting in Part and Denying in Part Defendant David Rodriguez's Motion for Summary Judgment* (Doc. No. 64) at 29 (finding genuine dispute of fact as to causation regarding Zavala's claims.

## 8. AGREED PROPOSITIONS OF LAW

A) The substantive law governing this suit is that of the United States, 42 U.S.C. § 1983 and the First and Fourteenth Amendment of the United States Constitution. To state a claim under section 1983, plaintiffs must allege two elements: first, that they were deprived of a right or interest

5

secured by the Constitution or laws of the United States, and second, that the deprivation occurred under color of state law.  There is no dispute that at the time of this incident Defendants were acting under the color of state law within the meaning of 42 U.S.C. § 1983.

B) There is no dispute that the termination of Plaintiff Santiago Zavala's employment constitutes an adverse employment action.

C) There is no dispute that supporting or not supporting a political candidate or candidates constitutes protected speech and associational activity.

D) Defendant A.C. Cuellar, as Precinct One Commissioner, was the final decisionmaker with respect to all employment decisions challenged herein (terminations and reassignment/transfers).

E) Defendant A.C. Cuellar, as Precinct One Commissioner, exercised policymaking authority with respect to all employment decisions challenged herein (terminations and reassignment/transfers).

**9.   CONTESTED PROPOSITIONS OF LAW**

A)  The issues the parties had previously listed as contested propositions of law were agreed by the parties to actually be contested factual issues, and have been moved to that section, above.  The parties have conferred, and have not identified contested propositions of law.

**10.   EXHIBITS**

The Exhibit Lists have been attached as Exhibit A.  Both Parties reserve the right to supplement and amend their exhibit list and object to the other party's exhibit list as necessary before trial and to offer exhibits at trial for rebuttal or impeachment purposes that are not currently identified as exhibits.

**11.   WITNESSES**

The Witness Lists have been attached as Exhibits C and D.

**12.   SETTLEMENT**

All parties participated in mediation before Scott McLain on February 21-22, 2019. Three plaintiffs (Gregorio Trevino, Jr., Jose Guadalupe Garcia, and Pedro Garcia, Jr.) settled their claims, and the parties will file a joint motion to dismiss their claims. No settlement has been reached regarding the claims of the remaining Plaintiffs.

### 13. TRIAL

A. The Parties estimate that this trial will last 32 hours.

B. The Parties do not foresee logistical issues at this time and will alert the Court of logistical issue if/as they arise. Plaintiff and Defendants will use materials in the Courtroom to play video and audio evidence, display relevant evidence and deposition testimony, and to use a Power Point presentation during the opening statement and closing argument.

### 14. ATTACHMENTS

(1) Plaintiffs' Exhibit List. (Exhibit A)

(2) Defendants' Exhibit List (Exhibit B)

(3) Plaintiffs' Witness List (Exhibit C)

(4) Defendants' Witness List (Exhibit D)

(5) Plaintiffs' Proposed questions for the voir dire examination (Exhibit E)

(6) Defendants' Proposed questions for the voir dire examination (Exhibit F)

(7) Plaintiffs' Proposed jury instructions (Exhibit G)

(8) Defendants' Proposed jury instructions (Exhibit H)

(9) Plaintiffs' proposed verdict form(s) (Exhibit I)

(10) Defendants' proposed verdict form(s) (See Exhibit H)

(11) Plaintiffs' Motion in Limine (Exhibit K)

(12) Defendants' Motion in Limine (Exhibit L)

**UNITED STATES DISTRICT COURT**

Respectfully submitted,

_____
Jerad Wayne Najvar
*Attorney in Charge for Plaintiff*
Texas Bar No. 24068079
So. Dist. No. 1155651
281.404.4696 phone
jerad@najvarlaw.com

*Of counsel:*
NAJVAR LAW FIRM, PLLC
2180 North Loop West, Ste. 255
Houston, TX 77018
281.404.4696 phone
281.582.4138 fax


*/s/ Rex N. Leach*
Rex N. Leach
Texas State Bar No. 12086300
Federal I. D. No. 8244
P. O. Drawer 3725 (78502)
818 West Pecan Boulevard
McAllen, Texas 78501
(956) 682-5501
(956) 686-6109 – Facsimile
*Attorney in Charge for Defendant*

**OF COUNSEL:**
ATLAS, HALL & RODRIGUEZ, LLC
P. O. Drawer 3725 (78502)
818 West Pecan Boulevard
McAllen, Texas 78501
(956) 682-5501
(956) 686-6109 – Facsimile
*Attorneys for Defendants*

8

## Certificate of Service

The undersigned counsel hereby certifies that on June 28, 2019, the foregoing document, and any accompanying exhibits and proposed order, was served on the Defendants in this matter by means of the court's CM/ECF system.

Mr. Rex Leach
Atlas, Hall & Rodriguez, LLP
818 W. Pecan Blvd.
McAllen, TX 78591
*Counsels for Defendants*

                                                                       /s/ Jerad Najvar

                                                                       Jerad Najvar