UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| GREGORIO TREVINO, JR., et al.<br>*Plaintiffs*,<br><br>v.<br><br>HIDALGO COUNTY, TEXAS, et al.,<br>*Defendants*. | Civil Case No. 15-CV-435 |

**EXHIBIT G: PLAINTIFFS' PROPOSED INSTRUCTIONS**

MEMBERS OF THE JURY:

**Introduction**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**Calling Witnesses**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**Objections and Rulings of the Court**

During the course of the trial, you have heard counsel make objections to evidence. It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not draw any inference against an attorney or the attorney’s client because that attorney has made an objection. If I overruled an objection and permitted evidence to be admitted over the objection, my ruling on

any objection is not, and should not be considered by you to be, any indication of an opinion by me regarding the weight, effect, or probative value of such evidence. Any objection that I did not expressly sustain is deemed overruled. You are the sole judges of the credibility of all witnesses and the weight and effect of the evidence. If I sustained an objection to a question or to the introduction of other evidence, you must disregard the question entirely and may draw no inference from the wording of the question, nor speculate regarding what the witness might have said if the witness had been permitted to answer or regarding the content of any document not admitted.

**Witness Testimony**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that, at some other time, the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field-he is called an expert witness-is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

Finally, certain testimony was presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers were shown to you. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

**Consideration of the Evidence**

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony, exhibits, stipulated facts, and judicially noticed facts as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence-such as testimony of an eyewitness. The other is indirect or circumstantial evidence-the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction

between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and le a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Burden of Proof: Preponderance of the Evidence**

Plaintiff Jonathan Davidson has the burden of proving his case by a preponderance of the evidence.

To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Jonathan Davidson has failed to prove any element of a claim by a preponderance of the evidence, then he may not recover on that claim.

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**STATEMENT OF THE CASE**

This is a 42 U.S.C. § 1983 dispute. Plaintiffs Cardenas, Martinez, and Zavala have made claims against HIdalgo County, A.C. Cuellar, Raul Lozano, David Rodriguez, Oscar Gonzalez, and Esteban Mata, alleging that the County and these officers violated their Fourth Amendment rights.

[Najvar is drafting the statement of the case for the Joint PTO and will drop a more concise summary of same here.]

Defendants contend…

## ELEMENTS OF PLAINTIFF'S CLAIMS

### I. First Amendment Retaliation – Public Employees

Plaintiffs J.C. Cardenas, Rene Martinez, and Santiago Zavala each claim that Defendants Hidalgo County and Hidalgo County Commissioner A.C. Cuellar violated their rights under the First Amendment to the United States Constitution. More specifically, Plaintiffs Cardenas, Martinez, and Zavala claim that Defendants Hidalgo County and Cuellar terminated their employment (in Zavala's case) or constructively demoted them (in Cardenas' and Martinez's cases) in retaliation for Plaintiffs' decisions to exercise their First Amendment free-speech and free-association rights after they supported Cuellar's opponent in the campaign for Precinct One Commissioner, and/or refusing to support certain candidates favored by Cuellar in other local campaigns.

The First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern and to associate or to not associate with political groups and campaigns of their choice.

For a plaintiff to recover damages for this alleged constitutional violation, the plaintiff must prove by a preponderance of the evidence that:

1. Plaintiff suffered an adverse employment action;
2. Plaintiff's speech motivated Defendant's decision to terminate or constructively demote Plaintiff; and

3. The termination or constructive demotion (as applicable) caused Plaintiff's damages.[1]

If Plaintiff Cardenas, Martinez, or Zavala fails to prove any of these elements, you must find for Defendants Hidalgo County and A.C. Cuellar as to the claims of that Plaintiff.

As to the first element—whether the Plaintiff suffered an adverse employment action—the parties have stipulated (agreed) that the termination of Plaintiff Zavala was "adverse." You must accept that fact as proved. As to whether the transfers/reassignment of Plaintiffs Cardenas and Martinez to the road patch crew was "adverse," adverse employment actions include discharges, demotions, refusals to hire, refusals to promote, and reprimands. They can also include transfers if they would be equivalent to a demotion. To be equivalent to a demotion, a transfer need not result in a decrease in pay, title, or grade; it can be a demotion if the new position proves objectively worse than the former position, such as being less prestigious or less interesting or providing less room for advancement.[2]

As to the second element, to prove Plaintiff Cardenas, Martinez, or Zavala's speech motivated Defendant Hidalgo County and Cuellar's decision to terminate (or constructively demote) Plaintiffs, Plaintiff must show that his speech or associational activity was a substantial factor. In other words, Plaintiff Cardenas, Martinez, and Zavala must show that his speech was a motivating factor in Defendant Hidalgo County's and Cuellar's decision to terminate (or constructively demote) him. Plaintiff Cardenas, Martinez, and Zavala need not prove his speech or associational activity was the only reason Defendant Hidalgo County and Cuellar made the decision.[3]

---

[1] Fifth Circuit Pattern Jury Instructions – Civil 2014 (rev. 2016), 10.6 First Amendment Retaliation – Public Employees.

[2] *Id.*

[3] *Id.*

If you do not believe the reason(s) Defendants Hidalgo County and Cuellar have given for their decision to terminate a Plaintiff's employment, you may infer that Defendants discharged that Plaintiff because he engaged in constitutionally protected speech or association.[4]

If you find that Plaintiff Cardenas, Martinez or Zavala has proved each element of his claim by a preponderance of the evidence, then you must consider whether Defendant Hidalgo County and Cuellar would have reached the same decision in the absence of the protected speech. If you find Defendant Hidalgo County and Cuellar have proved by a preponderance of the evidence that they would have terminated (or constructively demoted, as applicable) whether or not Plaintiff Cardenas, Martinez, or Zavala engaged in protected speech/association, then you must return a verdict for Defendants Hidalgo County and Cuellar and against Plaintiff Cardenas, Martinez, or Zavala.

If you find that Plaintiff Cardenas, Martinez, or Zavala has proved each of the three elements and that Defendants Hidalgo County and Cuellar failed to prove that they would have reached the same decision anyway, then Defendants Hidalgo County and Cuellar violated Plaintiff Cardenas, Martinez, and/or Zavala's First Amendment right to free speech and association and your verdict will be for Plaintiff Cardenas, Martinez, and/or Zavala (as appropriate) as against Defendants Hidalgo County (as discussed further below regarding County liability) and Cuellar. However, if Plaintiff Cardenas, Martinez, or Zavala failed to make this showing, then your verdict

[4] *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147-48 (2000) ("In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the fact finder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.' … Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision."). *See, e.g.*, Eleventh Circuit Pattern Jury Charge, 2013, 4.1 Public Employee—First Amendment Claim—Discharge or Failure to Promote—Free Speech on Matter of Public Concern.

must be for Defendants Hidalgo County and Cuellar on Plaintiff Cardenas, Martinez, and/or Zavala's First Amendment claim.[5]

**Instruction on County Liability**

The Plaintiffs claim that Hidalgo County is liable for the alleged constitutional deprivations. A county is liable for the deprivation of a constitutional right if the deprivation was pursuant to governmental custom, policy, ordinance, regulation or decision. Therefore, if you find that the Plaintiffs were injured as the proximate or legal result of Hidalgo County's policy, custom, ordinance, regulation, or decision, whether made by its lawmakers or by an official whose edicts or acts may fairly be said to represent official policy, the county itself will be responsible.

Defendant Cuellar is an official whose acts constitute final official policy of Hidalgo County. Therefore, if you find that the acts of Cuellar deprived the Plaintiffs of constitutional rights, Hidalgo County is liable for such deprivations.

**Plaintiff Cardenas's Claims Against Defendants Raul Lozano and David Rodriguez**

In addition to his claims against Hidalgo County and Commissioner A.C. Cuellar, Plaintiff J.C. Cardenas brings claims against Defendants Raul Lozano and David Rodriguez.

If an individual Defendant's animus against a co-worker's exercise of First Amendment rights is a link in the causal chain that leads to a plaintiff's termination or constructive demotion, the individual may be liable even if he is not the final decisionmaker.[6] The necessary causal link can be shown, for example, where an individual Defendant motivated by his animus against the Plaintiff's exercise of First Amendment rights recommends the Plaintiff's termination or

[5] *Id.*

[6] *Sims v. City of Madisonville*, 894 F.3d 632, 639 (5th Cir. 2018).

reassignment, which is then carried out by the final decisionmaker (who, in this case, is A.C. Cuellar).[7]

Therefore, if you find that Plaintiff Cardenas has proved by a preponderance of the evidence that Defendant Raul Lozano and/or David Rodriguez possessed a retaliatory motive which set in motion the events that ultimately led to Plaintiff Cardenas's reassignment to the road patch crew, you must find Defendant Lozano and/or Defendant Rodriguez, as appropriate, liable to Plaintiff Cardenas.

**Plaintiff Martinez's Claims Against Defendants David Rodriguez and Esteban Mata**

In addition to his claims against Hidalgo County and Commissioner A.C. Cuellar, Plaintiff Rene Martinez brings claims against Defendants David Rodriguez and Esteban Mata.

Therefore, if you find that Plaintiff Martinez has proved by a preponderance of the evidence that Defendant David Rodriguez and/or Esteban Mata possessed a retaliatory motive which set in motion the events that ultimately led to Plaintiff Martinez's reassignment to the road patch crew, you must find Defendant Rodriguez and/or Defendant Mata, as appropriate, liable to Plaintiff Martinez.

**Plaintiff Zavala's Claims Against Defendants David Rodriguez, Esteban Mata, and Oscar Gonzalez**

In addition to his claims against Hidalgo County and Commissioner A.C. Cuellar, Plaintiff Santiago Zavala brings claims against Defendants David Rodriguez, Esteban Mata, and Oscar Gonzalez.

Therefore, if you find that Plaintiff Zavala has proved by a preponderance of the evidence that Defendant David Rodriguez, Esteban Mata, and/or Oscar Gonzalez possessed a retaliatory

---

[7] *See Id.* (discussing *Jett v. Dallas Indep. Sch. Dist.*, 798 F.2d 748, 758 (5th Cir. 1986), *aff'd in part, remanded in part on other grounds*, 491 U.S. 701 (1989)).

motive which set in motion the events that ultimately led to Plaintiff Zavala's termination, you must find Defendant Rodriguez, Defendant Mata, and/or Defendant Oscar Gonzalez, as appropriate, liable to Plaintiff Zavala.

**Declaratory judgment claim**

Plaintiff Cardenas's, Martinez's, and Zavala's complaint also seeks a declaration that their termination (in Zavala's case) or constructive demotion (in the cases of Cardenas and Martinez) violated their constitutional rights because it was motivated as retaliation for their exercise of First Amendment rights. Regardless of your answer on the issue of damages, if you find that a Plaintiff has established the three elements of his claim for First Amendment retaliation, you must enter a verdict for that Plaintiff stating that his termination (or constructive demotion) violated his constitutional rights.

**Emotional Distress Damages**

To recover compensatory damages for mental and emotional distress, a Plaintiff must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but a Plaintiff must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

**Consider Damages Only If Necessary**

If the plaintiff has proven a claim against a defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I am giving instructions about the plaintiff's damages as an indication in any way that I

believe that the plaintiff should, or should not, win the case. It is your task first to decide whether defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that a defendant is liable and that the plaintiff is entitled to recover money from that defendant.

**Damages – Reasonable – Not Speculative**

Damages must be reasonable. If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of defendant's act or omissions. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants. On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury—tangible and intangible. They are an attempt to restore the plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the injuries.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

**Multiple Claims**

You must not award compensatory damages more than once for the same injury. For example, if the plaintiff prevails on two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim. The plaintiff is only entitled to be made whole once, and may not recover more than he has lost. Of course, if different

injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all of his injuries.

With respect to punitive damages, you may make separate awards on each claim that plaintiff has established.

**Punitive Damages**[8]

If you find that the one or more of the defendants are liable for plaintiff's injuries, if any, you must award the plaintiff the compensatory damages that he has proved. You may, in addition, award punitive damages to a Plaintiff if the plaintiff has proved that a particular defendant acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging gin similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if Defendant's misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

---

[8] Fifth Circuit Pattern Jury Instructions 2014 (rev. 2016) § 15.7.

1. The reprehensibility of Defendant's conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury, and whether Defendant's conduct was motivated by a desire to augment profit; and
2. The ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened.

You may impose punitive damages against one Defendant and not the other. You may also award different amounts against each Defendant.

**Nominal Damages**

Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of his rights has occurred but the plaintiff has suffered no actual loss or injury. If you find from a preponderance of the evidence that a Plaintiff sustained a technical violation of his First Amendment rights but that he suffered no actual loss as a result of this violation, then you must[9] award that Plaintiff nominal damages.

**Duty to Deliberate**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

[9] The pattern instruction on nominal damages uses "may" award, but nominal damages are mandatory and automatic where a violation of constitutional rights is found, at least in the absence of actual damages. If the jury found a constitutional violation but failed to award nominal damages at a minimum, it would constitute legal error.

But do not ever charge your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussion in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself whether plaintiff's claims were proved by a preponderance of the evidence.

**Notes**

During the trial, I permitted you to take notes and I have noticed that several of you have done so. As I said at the beginning of the trial, there is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus was not written down, may have taken on greater importance later in this trial in light of all the evidence presented. Therefore, you are again instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the contact of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and may not be a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

**Verdict Form**

I have prepared a verdict form for your use. A verdict form is simply the written notice of your decision. Whatever decision you reach in this case must be the unanimous decision of all of you. When all of you agree upon a verdict, it will be received as your verdict. Your foreperson should sign and date the verdict form.

After the verdict form is completed, your foreperson should give a written note to the bailiff. That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdict to me in the courtroom. The parties will then be informed of your verdict.