IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GREGORIO TREVIÑO, JR., et al | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Case No. 7:15-cv-435 |
| HIDALGO COUNTY, TEXAS, et al | § § § | |
| *Defendants* | § | |

### DEFENDANTS' PROPOSED JURY CHARGE AND INSTRUCTIONS

**3.   Jury Question and Instruction on Unlawful Employment Practices (42 USC § 1983 – First Amendment)**

The Plaintiffs claim that the Defendants, while acting "under color of state law," intentionally deprived the Plaintiffs of rights under the Constitution of the United States, specifically, the First Amendment. The Plaintiffs claim the Defendants reassigned Plaintiffs Cardenas and Martinez and terminated Plaintiff Zavala because of Plaintiffs' exercise of the right of free speech and deprived them of their rights under the First Amendment of the Constitution.

Defendants deny violating Plaintiffs' First Amendment rights in any way and assert that Plaintiffs' reassignment and termination were unrelated to any such activities. Defendants also assert that Plaintiffs did not engage in constitutionally-protected speech.

The Plaintiffs must prove by a preponderance of the evidence each of the following:

1. That the actions of the Defendants were "under color" of the authority of the State of Texas;

2. That the Plaintiffs speech activities were constitutionally "protected" under the First Amendment;

3. That Plaintiffs incurred an adverse employment action;

4. That the Plaintiffs exercise of protected First Amendment rights was a substantial or motivating factor in the Defendants' decision to treat Plaintiffs adversely in the workplace;

5. That the Defendants' acts were the proximate or legal cause of the Plaintiffs' damages.

In this case, the Parties have agreed that the Defendants acted "under color" of state law. You must accept that fact as proven.

In order to find for the Plaintiffs, you must find that the Plaintiffs have incurred an adverse employment action. For purposes of First Amendment retaliation claims, adverse employment actions are Adischarges, demotions, refusals to hire, refusals to promote and reprimands.@ *Benningfeld v. City of Houston,* 157 F.3d 369, 377 (5th Cir. 1998); *Pierce v. Texas Dep=t of Criminal Justice, Inst. Div.*, 37 F.3d 1146, 1149 (5th Cir. 1994).

In order to find for the Plaintiffs, you must also find that the Plaintiffs engaged in speech that is protected by the Constitution of the United States. AWhen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes and the Constitution does not insulate their communications from employer discipline.@ *Garcetti v. Ceballos*, 126 S.Ct. 1951, 1960 (2006).

The Plaintiffs must also prove, by a preponderance of the evidence, that the acts by the Defendants were a cause-in-fact of the damage Plaintiffs' suffered. An act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or

omission played a substantial part in bringing about or actually causing the injury or damages. The Plaintiffs must also prove, by a preponderance of the evidence, that the acts by the Defendants were a proximate cause of the damages Plaintiffs suffered. An act is a proximate cause of the Plaintiffs' injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act.

The applicable law requires only that a public employer refrain from taking action against a public employee because of the employee=s exercise of protected First Amendment rights. So far as you are concerned in this case, a public employer may take an adverse act against a public employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of Defendants, even though you personally may not approve of the action taken and would have acted differently under the circumstances.

If you find that Plaintiffs have proved, by a preponderance of the evidence, that the Plaintiffs' conduct was a substantial factor or a motivating factor in Defendants' decision, you must then determine whether the Defendants have established, by a preponderance of the evidence, that it would have reached the same decision even in the absence of Plaintiffs' protected conduct.

If you find for the Plaintiffs and against Defendants on their defense, you must then decide the issue of Plaintiffs' damages.

## SPECIAL INTERROGATORIES TO THE JURY

Do you find from a preponderance of the evidence:

1. That the Plaintiffs' engaged in speech activities which were constitutionally protected under the First Amendment?

    As to J. C. Cardenas
    ANSWER:    Yes or No.    _____

    As to Rene Martinez
    ANSWER:    Yes or No.    _____

    As to Santiago Zavala
    ANSWER:    Yes or No    _____

2. That Plaintiffs' incurred an adverse employment action?

    As to J. C. Cardenas
    ANSWER:    Yes or No:    _____

    As to Rene Martinez
    ANSWER:    Yes or No.    _____

    As to Santiago Zavala
    ANSWER:    Yes or No    _____

3. That the speech activity was a substantial or motivating factor in the Defendants' decision to treat Plaintiffs adversely?

    As to J. C. Cardenas
    ANSWER:    Yes or No.    _____

    As to Rene Martinez
    ANSWER:    Yes or No.    _____

    As to Santiago Zavala
    ANSWER:    Yes or No    _____

4. That the Defendants' acts were the proximate or legal cause of damages sustained by the Plaintiffs?

       As to J. C. Cardenas
       ANSWER:     Yes or No     _____

       As to Rene Martinez
       ANSWER:     Yes or No     _____

       As to Santiago Zavala
       ANSWER:     Yes or No     _____

**If you answered ANo@ to any of the preceding questions as to a particular Plaintiff, you need not answer any of the remaining questions as to that Plaintiff. If you answered AYes@ as to a particular Plaintiff, please proceed to answer the remaining questions as to that Plaintiff.**

5.    That the Plaintiffs would have been treated adversely for other reasons even in the absence of Plaintiffs' protected speech activity?

       As to J. C. Cardenas
       ANSWER:     Yes or No     _____

       As to Rene Martinez
       ANSWER:     Yes or No     _____

       As to Santiago Zavala
       ANSWER:     Yes or No     _____

**If you answered AYes@ to Question No. 5 to a particular Plaintiff, you need not answer the remaining questions as to that Plaintiff. If you answered ANo@ as to a particular Plaintiff, please continue to answer as to that Plaintiff.**

6.    That Plaintiff Zavala should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

       ANSWER:     Yes or No     _____

       If your answer is AYes,@ in what amount?

       ANSWER:     $_____

7.    That the Plaintiffs should be awarded damages to compensate for emotional pain and mental anguish?

      As to J. C. Cardenas
      ANSWER:   Yes or No   _____

      As to Rene Martinez
      ANSWER:   Yes or No   _____

      As to Santiago Zavala
      ANSWER:   Yes or No   _____

      If your answer is "Yes," in what amount?

      As to J. C. Cardenas
      ANSWER:   $_____

      As to Rene Martinez
      ANSWER:   $_____

      As to Santiago Zavala
      ANSWER:   $_____

8.    That the Defendants' acted with malice or reckless indifference to the Plaintiffs' federally protected rights and punitive damages should be assessed against the Defendants?

      As to J. C. Cardenas
      ANSWER:   _____

      As to Rene Martinez
      ANSWER:   _____

      As to Santiago Zavala
      ANSWER:   _____

      If your answer is "Yes," in what amount?

      As to J. C. Cardenas
      ANSWER:   $_____

      As to Rene Martinez
      ANSWER:   $_____

      As to Santiago Zavala
      ANSWER:   $_____

SO SAY WE ALL.

                                               **FOREPERSON**

Dated: _____